## LAZARD et al. v. MAGONE, Collector.

### (Circuit Court, S. D. New York.   December 13, 1889.)

1. CUSTOMS DUTIES—FREE LIST—SIMILITUDE CLAUSE.
    The similitude described by that portion of Rev. St. U. S. § 2499, as amended by the tariff act of March 3, 1883, which provides that "non-enumerated articles, similar in material and quality and texture, and the use to which they may be applied, to articles on the free-list, and in the manufacture of which no dutiable materials are used, shall be free," is a similitude in all four of the particulars mentioned therein.

2. SAME—DRY EGG YOLK.
    Dry egg yolk, being an article not enumerated in the tariff act of March 3, 1883, and assimilating to albumen, and also to eggs, articles on the free-list of that act, in two or more only of these four particulars, is not free of duty under that act by similitude to albumen or eggs; but is, in the absence of proof that it is not a manufactured article, subject to duty at the rate of 20 per centum ad valorem as a non-enumerated manufactured article, under the provision therefor contained in Rev. St. U. S. § 2513.

At Law.   Action to recover back duties.

The plaintiffs in this suit, on the first day of September, 1887, imported from Dresden, Saxony, into the port of New York, a certain article invoiced as "egg yolk."   This article was classified for duty by the defendant, as collector of customs at that port, as a non-enumerated manufactured article, under the provision therefor contained in section 2513 of the United States Revised Statutes, as amended by the act of March 3, 1883, and duty thereon at the rate of 20 per cent. ad valorem was exacted of the plaintiffs by the defendant, as such collector.   Against this classification and this exaction the plaintiffs, within the time required by law, duly protested, claiming that, under that portion of section 2499 of the United States Revised Statutes, as amended by the act of March 3, 1883, which provides "that non-enumerated articles, similar in material and quality and texture, and the use to which they may be applied, to articles on the free-list, and in the manufacture of which no dutiable materials are used, shall be free," this article was free of duty, as assimilating to albumen, under the provision therefor contained in the free-list of the act of March 3, 1883, (Tariff Index, new, 496;) or, if not assimilating to albumen, then as assimilating to eggs, under the provision therefor contained in said free-list, (Id. 690;) or that, if this article assimilated neither to albumen nor to eggs, then it was dutiable at the rate of 10

per cent. *ad valorem*, as a non-enumerated raw or unmanufactured article, under the provision therefor contained in the aforesaid section 2513. Thereafter the plaintiffs, having duly made appeals, which were decided adversely to them, brought this suit to recover the amount of excessive duties exacted of them by the defendant as said collector, as claimed in their protest. Upon the trial of this suit, it appeared from samples of the article in suit that it was of the color of the yolk of the hen's egg, and that it had evidently been dried by natural or artificial heat, and afterwards ground, or subjected to some similar process. It appeared from the evidence of the plaintiffs' witnesses that these articles were sold to biscuit and cracker bakers, and used by them in making biscuits, crackers, and such things; that the original yolk of the hen's egg contains 51.49 per cent. of water, 15.76 per cent. of fat, 30.47 per cent. of albumenoids, about 0.55 per cent. of coloring matter, and about 1.73 per cent. of alcoholic extract and mineral matters; that the article in suit, as analyzed, contained 3.35 per cent. of moisture at 100 C., 54.15 per cent. of oil, 39.50 per cent. of organic matters, and 3 per cent. of mineral matter (ash;) that the 39.50 per cent. of organic matter included albumen, caseine, and coloring matters; that there was no constituent in the article in suit not found in the white, or albumen, or the yolk of the egg; that the analysis of the original yolk, if dried, would be almost the same thing as the analysis of the article in suit, only varying therefrom, perhaps, if varying at all, through difference in treatment, or in composition of the egg from which it was taken; that the albumen in the article in suit, with the exception that the water had been almost entirely dried out, was precisely similar in constituents and chemical composition and properties to the albumen or white found in the egg; that the albumen or white found in the egg was reduced by drying to the solid or dried albumen of commerce, which contains from 92 to 95 per cent. of pure albumen; that the shell of the egg was composed chiefly of carbonate of lime, and some organic matter. But it did not appear from the evidence for which purpose albumen was used, or that the article in suit was not a manufactured article. At the close of the plaintiffs' case the defendant's counsel moved the court to direct the jury to find a verdict for the defendant, on the ground that the plaintiffs had not proven facts sufficient to entitle them to recover.

*Edward Hartley*, for plaintiffs.

*Edward Mitchell*, U. S. Atty., and *Thomas Greenwood*, Asst. U. S. Atty., for defendant.

LACOMBE, J., (*orally.*) I shall dispose of this case without sending it to the jury. As to the question of the classification of this importation by assimilation under the proviso at the close of section 2499, which reads: "Provided, that non-enumerated articles, similar in material and quality and texture, and the use to which they may be applied, to articles on the free-list, and in the manufacture of which no dutiable materials are used, shall be free,"—it is to be observed, in the first place, that similarity in all four of these respects is required. Undoubtedly,

the article is similar in material, and apparently in texture, to the albu-. men of commerce which is imported here, and which is enumerated on the free-list; but there is no evidence as to the use to which the albu- men so imported is applied, and, therefore, there is nothing from which to deduce a similarity in use, as between that article and this dried yolk. As to the claim that it is similar to eggs, which also are on the free-list, while there is proof of similarity of material, and perhaps of use, the texture seems to be entirely different. As to the claim made in the protest that this importation was an article not manufactured, the failure of the plaintiffs to offer any proof as to how it was made removes that question from the case. The collector has classified it as a manufactured article, and the presumption is that his decision was correct. There is no evi- dence to the contrary, and it cannot, therefore, be classified as unman- ufactured. Verdict directed for defendant.